UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Philip H. Shum,   )<br>   )<br>   Plaintiff,   )<br>vs.   )<br>   )<br>American Sterling Bank; *et al*.   )<br>   )<br>   Defendants.   )<br>   ) | Case No.: 2:14-cv-0973-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendants Federal Home Loan Mortgage Corporation ("FHLMC") and Mortgage Electronic Registration Systems, Inc. ("MERS"). *Pro se* Plaintiff Philip H. Shum filed a Response, (ECF No. 9), to which Defendants replied, (ECF No. 10).

**I.   BACKGROUND**

This case centers upon *pro se* Plaintiff Philip H. Shum's allegations of mortgage fraud against Defendants American Sterling Bank, FHLMC, and MERS. (Compl., ECF No. 1-1). Plaintiff has a long litigious history with MERS, having filed two prior suits against it and various other entities in the District of Nevada, each involving similar claims. *Shum v. Countrywide Home Loans, Inc.*, No. 2:11-cv-1932-GMN-RJJ, 2012 WL 4846150 (D. Nev. Oct. 10, 2012); *Shum v. BAC Bank Home Loans, N.A*, No. 2:13-cv-1890, (D. Nev. February 13, 2014). Both of these cases resulted in a final judgment in favor of the defendants as to all of Plaintiff's claims.

The Complaint alleges that Plaintiff executed a promissory note and Deed of Trust on September 24, 2007, that was secured by the property identified as "Spring Valley Unit #10B, Plat Book 32, Page 84, Lot 21, Block 3, in the Official Records of the Recorder's Office of

Clark County, Nevada." (Compl. 2:10-14). The Deed of Trust named Defendant American Sterling Bank as the lender. (*Id.*). Plaintiff alleges that following the execution of the loan documents, a "qualifying trust" was created for which the sponsor and trustee was Defendant FHLMC. (*Id.* at 2:19-23). Though it implies such, the Complaint does not actually assert that there is any relationship between FHLMC's "qualifying trust" and the loan documents at issue.

Following these allegations, the Complaint lists various legal assertions regarding the transfer of promissory notes and deeds of trust, including, *inter alia*: "If the Deed of Trust and the Note are separated, foreclosure cannot legally occur"; "Once a loan has been securitized . . . the right to foreclose through the Deed of Trust is forever lost"; and "Once a Note is converted into a stock, or stock equivalent, it is not [sic] longer a Note." (*Id.* at 3:3-4:17).

Based on these allegations, the Complaint sets forth claims for fraud and "specific performance." (*Id.* at 4:18-5:11). As relief, Plaintiff seeks title to the disputed property as well as fees and costs. (*Id.* at 5:14-17).

In the instant Motion, Defendants argue that the fraud claim should be dismissed for failing to comply with Federal Rule of Civil Procedure 9 and that the "specific performance" claim should be dismissed because it cannot stand as an independent cause of action. (Mot. to Dism., ECF No. 6).

**II.   LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain

1  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
2  face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A
3  claim has facial plausibility when the plaintiff pleads factual content that allows the court to
4  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This
5  standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

6  If the court grants a motion to dismiss for failure to state a claim, leave to amend should
7  be granted unless it is clear that the deficiencies of the complaint cannot be cured by
8  amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant
9  to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in
10 the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the
11 movant, repeated failure to cure deficiencies by amendments previously allowed, undue
12 prejudice to the opposing party by virtue of allowance of the amendment, futility of the
13 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

15  As an initial matter, in light of Plaintiff's status as a *pro se* litigant, the Court has
16 liberally construed his filings, holding them to standards less stringent than formal pleadings
17 drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

18  Pursuant to Rule 9(b), claims of "fraud or mistake" must be alleged "with particularity."
19 Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the
20 time, place, and specific content of the alleged false representations as well as the identities of
21 the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "Rule 9(b)
22 does not allow a complaint to merely lump multiple defendants together but requires plaintiffs
23 to differentiate their allegations when suing more than one defendant and inform each
24 defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*. at
25 764-65 (internal quotations and alterations omitted).

1   Though the Complaint states generally that "Defendants have made false statements to Plaintiff regarding the security of the contract," Plaintiff does not specify what these statements were, when they were made, or which Defendant made them.  (Compl. 4:22-23, ECF No. 1-1). Confoundingly, despite the fact that Plaintiff asserts this fraud claim in regard to the *formation* of the mortgage agreement, the allegations in the Complaint imply only that Defendants failed to adhere to required practices when *transferring* the mortgage interest.  Thus, even liberally construing the Complaint, Plaintiff has failed to set forth particularized allegations regarding any misrepresentations or misstatements of fact made by Defendants.  Therefore, the Court finds it appropriate to dismiss Plaintiff's fraud claim without prejudice.  If Plaintiff chooses reassert this claim in an Amended Complaint, he should lay out his allegations clearly and distinctly, stating the specific misrepresentations made by each Defendant, and detailing when and how each misrepresentation was communicated to him. *See Swartz*, 476 F.3d at 764.

Similarly, Plaintiff's claim for "specific performance" fails to meet the standard set forth in Rule 12(b)(6).  Specific performance is an equitable remedy that is utilized in actions for breach of contract, and cannot be asserted as an independent claim for relief. *See, e.g.*, *Carcione v. Clark*, 618 P.2d 346, 348 (Nev. 1980).  Furthermore, even if the Court were to construe this as a claim to quiet title, Plaintiff has nonetheless failed to satisfy the Rule 12(b)(6) standard.  A quiet title claim requires that a plaintiff allege "that the defendant is unlawfully asserting an adverse claim to title to real property." *Kemberling v. Ocwen Loan Servicing, LLC*, No. 2:09-cv-0567-RCJ-LRL, 2009 WL 5039495, at *2 (D. Nev. Dec. 15, 2009) (citing *Clay v. Cheeline Banking & Trust Co.*, 159 P. 1081 (Nev. 1916)).  Here, Plaintiff has not alleged that Defendants are asserting a claim to the title of the property at issue or even that Plaintiff actually holds title to the property.  Moreover, though the Complaint includes numerous legal assertions regarding the transfer of a promissory note and/or a deed of trust, Plaintiff has not clearly alleged that the Note or Deed of Trust at issue in this case were ever transferred.

Accordingly, the Court finds it appropriate to dismiss Plaintiff's second claim for relief without prejudice pursuant to Rule 12(b)(6).

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 6), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until February 18, 2015 to file an Amended Complaint in this action.  Failure to file by this deadline will result in **dismissal with prejudice.**

**DATED** this 21st day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court