UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Philip H. Shum, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:14-cv-0973-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| American Sterling Bank; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the case of *Shum v. American Sterling Bank*, (2:14-cv-0973-GMN-PAL).  On January 21, 2015, the Court dismissed Plaintiff Philip Shum's Complaint without prejudice and granted leave to file an Amended Complaint on or before February 18, 2015. (ECF No. 26).  However, Plaintiff has since failed to file an Amended Complaint or request an extension of time to do so.  For the reasons set forth below, the Court will dismiss Plaintiff's claims with prejudice.

**I. DISCUSSION**

In its prior Order, the Court ruled that Plaintiff failed to state a claim upon which relief could be granted. (*Id.* at 4:6-5:2).  Despite the Court's granting leave for Plaintiff to support his Complaint with sufficient factual allegations to establish a valid claim for relief, Plaintiff has failed to take any action whatsoever in this case.

The Court is at a loss in cases, such as this one, in which a Plaintiff fails to participate in the judicial process and does not pursue his claims or even request an extension.  However, the Court has an obligation to promote justice by allocating judicial resources to cases with ongoing disputes and active parties.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action based on a

/ / /

party's failure to obey an order of the Court.[1] The Ninth Circuit has specifically held that this rule may be applied when a plaintiff fails to file an amended complaint pursuant to a court-ordered deadline. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61 (internal quotations omitted); *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court will consider each of these factors in turn.

### 1.     Public Interest

The Ninth Circuit has consistently held that "the public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In this case, Plaintiff has not only failed to file an Amended Complaint pursuant to the Court's explicit deadline, but has also failed to request an extension or explain his failure to the Court. Therefore, this factor weighs in favor of dismissal.

### 2.     The Court's Need to Manage its Docket

The delays caused by Plaintiff's failure to amend his Complaint have already consumed time and resources that the Court could have devoted to other cases. The Court's resources are best allocated to actions with active parties seeking to resolve their claims under the law. Thus, this factor also weighs in favor of dismissal.

### 3.     Risk of Prejudice to Defendant

---

[1] Though rule 41(b) refers to a defendant's motion for dismissal, the Supreme Court has long held that district courts have the power to dismiss actions *sua sponte* based on a plaintiff's failure to comply with a court order. *See, e.g.*, *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

The Ninth Circuit recognizes that the risk of prejudice must be considered with reference to "the plaintiff's reason for defaulting." *Pagtalunan*, 291 F.3d at 642.  However in this matter, Plaintiff has not offered any explanation for his failure to comply with the Court's order.

In its prior Order, the Court clearly identified numerous deficiencies in Plaintiff's Complaint that he could attempt to correct in an amended version. (Order 4:1-5:2, ECF No. 26). Rather than simply revise his Complaint to correct these deficiencies, Plaintiff has taken no action in this case whatsoever.

"Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643.  Considering Plaintiff's ongoing failure to file an Amended Complaint without offering an explanation, the Court finds that the delay in this matter is unreasonable, and therefore this factor weighs in favor of dismissal.

### 4. Public Policy Favoring Disposition on the Merits

Public policy and the preferences of this Court hold that legal claims should be resolved on their merits whenever possible. This factor weighs against dismissal.

### 5. Availability of Less Drastic Alternatives

In an attempt to avoid dismissal with prejudice, the Court granted Plaintiff twenty-eight days in which to file an Amended Complaint, but warned that failure to file prior to this deadline would result in dismissal of his claims with prejudice. (Order 5:6-8, ECF No. 26). Additionally, in time that elapsed since the Court issued its dismissal order, Plaintiff could have requested an extension or otherwise clarified his position with the Court.  Despite the Court's admonishment, Plaintiff has not filed an Amended Complaint or taken any other action in this matter.  Therefore the Court has exercised less drastic alternatives without success, and this factor weighs in favor of dismissal.

Accordingly, as four of the *Ferdik* factors weigh in favor of dismissal, the Court will dismiss Plaintiff's claims with prejudice.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that the claims set forth in Plaintiff Philip Shum's Complaint are **DISMISSED WITH PREJUDICE**.  The Clerk shall enter judgment accordingly and close the case.

**DATED** this 19th day of February, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court